IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JEROME KORTE and LANA KORTE,** ) <br> individuals who are citizens and residents ) <br> of the State of Illinois, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **EXXONMOBIL COAL USA, INC.,** ) <br> a Delaware corporation, ) <br> ) <br> Defendant. ) | Case No. 03-239-GPM |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S BILL OF COSTS
WITH REQUEST FOR COURT TO DIRECT OTHERWISE
AND DENY SAID REQUEST FOR COSTS
OR ALTERNATIVELY TO HOLD HEARING ON ISSUE OF COSTS
TO DETERMINE WHICH COSTS WERE NECESSARILY INCURRED**

NOW COMES Plaintiffs, JEROME KORTE and LANA KORTE, by and through their attorney, Penni S. Livingston, with their Response to Defendant's Motion for Costs and Request for Denial of Costs. In support thereof, Plaintiffs state as follows:

1. As Appeal will be filed in the next four days on the Final Judgment entered on December 21, 2004 with full knowledge of the Defendant, the Defendant's Motion for costs should be disallowed in accordance with a reasonable reading of the Rules. Rule 58 deals with costs and fees after entry of final judgment. Rule 58(c)(1) states that Entry of Judgment may not be delayed nor appeal time extended in order to tax costs or award fees except as provided in Rule 58(c)(2). Rule 58(c)(2) speaks only of motions for attorney fees filed under 54((d)(2) (not costs filed for under 54(d)(1) being able to be heard in the trial court if the court acts before a notice of appeal has been filed and that said motions become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely filed motion under Rule 59 (thereby

extending time for appeal). Rule 4(a)(4) of the Rules of Appellate Procedure deals only with the time to file appeal being extended with the filing of certain motions which do not include requests for costs as also specifically stated in FRCP Rule 58(c)(1). It appears that such a request may not be allowed once notice of appeal is filed, which is imminent in this case. Even so, as discussed herein, contrary to Defendant's claim by required affidavit, many of Defendant's claimed costs are not necessary costs. Therefore, hearing would be necessary to grant any such costs.

      2. Costs ". . . shall be allowed as of course to the prevailing party unless the court otherwise directs;" in accordance with Rule 54(d)(1). Plaintiffs respectfully request this Court to direct otherwise . Also Plaintiffs believe that Rule 58(c)(2) provides otherwise as just stated above. Defendant prevailed only because Plaintiffs risked everything in voluntarily dismissing in order to take appeal on issues of admissibility of expert testimony vital to Plaintiffs' ability to get appropriately compensated for harms caused by Defendant. In other words, Defendant is a prevailing party because Plaintiff wished to appeal and voluntarily dismissed.

      3. Rule 1 of the Federal Rules of Civil Procedure indicates that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Justice will not be served in the case at hand if Defendant is allowed to tax costs of litigation to Plaintiffs, produce farmers from Clinton County. Defendant itself caused much of the costs of litigation by their own actions and many such listed costs were not necessary to the litigation. Therefore any award of costs would require hearing to determine which costs were in fact "necessarily incurred" as required by affidavit.

      4. This case was set for trial on January 11, 2005 with the remaining nuisance count dismissed with prejudice at Plaintiffs' request on December 21, 2004 for purpose of allowing appeal

on issues of admissibility of expert testimony as decided in partial summary judgment granted. Fifteen days after Final Judgement, Defendant filed its Bill of Costs and Memorandum in support of same with manually filed exhibits received five days ago or twenty days after Judgment was entered.

    5. Final Judgment was entered in favor of Defendant due to Plaintiffs' voluntary dismissal to allow appeal. Plaintiffs believe that they would have prevailed on the remaining nuisance issues as the evidence is overwhelming as can be seen by the exhibits attached to Plaintiff's Memorandum in support of its request to Deny Summary Judgment. For example, Plaintiffs submitted photos that show the dust problem is obvious from the 400 acres of poisonous materials that have also poisoned the groundwater. This is likely why this Court did not grant judgment summarily on the issues that did not require expertise but were obvious to a lay person. As quoted in that memorandum, Defendant's witnesses acknowledge that prevailing wind direction is toward the Plaintiffs who are less than a mile away.

    6. Defendant would not have prevailed on the nuisance count voluntarily dismissed. Dismissal was for the issue of damages and required Plaintiffs to risk everything in an attempt to receive what they believe to be a more just outcome. Plaintiffs believe that the jury should be allowed to hear all relevant testimony in determining the extent of damage. This belief should not be punished with the taxing of costs on a suit Plaintiffs would have prevailed on, even if damages were perceived to be too low without the expert testimony being admitted as to physical damage to Plaintiffs and thereafter emotional distress.

    7. Furthermore, Plaintiffs challenge the necessity of the following costs claimed by Defendant thereby requiring hearing to prove the necessity of such claims unless the Court can see

the inappropriateness on the face of the claim: witness fees, subpoena fees and transcripts costs of depositions of neighbors when such depositions were unnecessary and were strongly opposed by Plaintiffs in response to requests to exceed the 20 depositions defendant had already taken; unnecessary days of deposition due to uncooperative defense witnesses; video taping of Plaintiffs in addition to transcribing 3 days of depositions in excess of the time allowed by rule; excessive internal copying of documents; copying of unnecessary documents including nearly $3500 for copying all personal and business records of Plaintiffs as found in their file cabinets; unnecessary transcripts of hearing; and certain expenses attributed to defense witnesses including defense counsel's lunches during depositions. Hearing would be required to determine what costs were truly necessarily incurred as many claimed expenses were not necessary.

8. <u>Unnecessary depositions:</u> Witness fees, subpoena fees and transcripts costs of depositions of excessive and additional neighbors over and above the 20 depositions agreed to by the parties should not be taxed to Plaintiff when these witnesses were unnecessary to the defense of the claims and when such depositions were strongly opposed by Plaintiffs in filed pleadings. Plaintiffs objected to these depositions that yielded no new or valuable information. Numerous depositions taken were strongly objected to by Plaintiff's Counsel as unnecessary and overly burdensome. The costs on these include subpoenas, witness fees, and transcripts that should not be taxed to Plaintiffs when Plaintiffs objected to begin with. Defendant did everything it could to run Plaintiffs' cost of litigation up. Of the 186 boxes produced by Exxon, only 15 to 20 boxes of information were probative and/or not duplicative.

9. <u>Unnecessary days of deposition due to uncooperative witnesses</u>. All costs for deposition preparation of non-listed experts (and expert Jeff Schuh) should be absorbed by defendant as the

witnesses were prepared so as not to answer questions as most transcripts attest. Thousands of dollars are claimed for transcripts of witnesses whose depositions had to go on for extended periods of time because they failed to answer questions. Some witnesses testified that they were prepared for three days and yet they did not even read documents they drafted in preparation! What did they spend three days doing: learning how to not answer questions. This should not be paid for any further by Plaintiffs who already have paid for their own original transcripts. This conduct did not "secure the just, speedy, and inexpensive determination" of this action.

10. Defendant chose to list all of its many experts that had to be deposed. One of their experts was listed to testify that it is timely to be close your mine for eight years and not have an approved reclamation plan. Plaintiff had to depose the experts defendant listed. In fact, each side agreed to double the number of depositions. Because of how many experts were listed by Defendant, Plaintiffs agreed at great expense of time and money. If there was nothing to defend, why have so many experts? Plaintiffs should not have to pay for these unnecessary expenses of uncooperative witnesses. Plaintiff spent more than Defendant did on transcripts since Plaintiffs paid for originals on all of these witnesses claimed for expenses. Hearing would be required to make a proper determination of what expenses were truly necessary.

11. <u>Video taping of Plaintiffs:</u> Video taping of Plaintiffs was not necessary and in fact was intended to harass. In addition to transcribing 3 days of depositions in excess of the time allowed by rule, Plaintiffs should not have to pay for videos provided to Defendant when defendant chose this unnecessary expense. Plaintiffs did not even buy most of the videos because of cost. Plaintiffs are not in as good of a position to absorb such excessive cost as Defendant is and Defendant chose this expense. Three days of video should be taxed to Defendant. Furthermore, costs of transcripts

should be taxed to Defendant. Plaintiff did not even purchase most of the transcripts of the Plaintiffs deposition because an hour of discussion about cows was not an effective way to spend money that the Plaintiffs did not even have. Plaintiffs have some equity in their farm but they do not have money to pay unnecessary costs of litigation. Defendant should absorb these unnecessary costs which are obviously unnecessary since Plaintiff did not order the transcripts and videos. By the way, Plaintiff did not order most of the neighbors transcripts either as they were unnecessary.

12. <u>Excessive internal copying of documents.</u>  Internal copying costs are excessive and are nearly all for copies of documents Defendant itself drafted and either filed or sent to Plaintiffs in answer to discovery. For example, there are over 20 entries for copies on 7-16-04 including one for $122.00 and one for $103.50, and for a $404.60 according to Table A . All of these copying expenses listed in the previous sentence were for copies of "Memo in Support of Motion for Summary Judgment or Partial Summary Judgment . . . &/or to Dismiss." This is unnecessary expenditure that should not be taxed to Plaintiffs. As another example, copies of reply memo were charged on 9-10-04 at $126.60.

13. The internal costs in Defendant's exhibit show nearly $90 for copying the Notice of Removal to Federal Court with notices to the Court and Plaintiff. This is ridiculously expensive and could not be afforded by the Plaintiffs. Plaintiffs should not be taxed for so many copies of the Defendant's filings. Plaintiff should not be asked to pay any internal copying costs that cannot be shown to be necessarily incurred if costs are taxed at all. Copies of chain of title report from 1/1/80 were charge on 1-23-04 at $125.00 and $99. This is not necessary as title was never in issue in this case and Plaintiff should not have to pay such wasteful items.

14. <u>Copying of unnecessary documents</u> including all personal and business records of

Plaintiffs in their file cabinets. In Table A, Defendant claims one line item of $3499.65 for documents produced by Plaintiffs' counsel. This is not possible except the documents were first produced by Exxon and copied by Plaintiffs from Exxon's boxes unless this is the expense that was incurred by copying all of Plaintiffs personal and business records from the beginning of time because counsel did not wish to go to the Korte farm to review such records for relevance as it may have been cheaper to copy than use attorney time. That is for Defendant to absorb at their choice. None of the records from the file cabinets was ever used in any way whatsoever and they were completely unnecessary to the case.

15. Any copy costs for records Defendant already had in their 186 boxes should also not be taxed to Plaintiffs nor should the irrelevant records in the file cabinets that Defendant requested after deposition of Plaintiffs. As another example of unnecessary copying, Defendant paid $96 for a map produced by a witness that is a neighbor that had nothing to do with the facts of the case. Defendant cannot show that this map helped them in anyway in their defense. Their client just wanted a copy of a cool old map.

16. <u>Certain expenses attributed to witnesses:</u> As an example of the costs Defendant claims, each lunch billed for the witnesses during deposition included as exhibits show that the defense attorney's lunch was included as well. This is shown in each lunch receipt. These are not necessary expenses as the depositions were all in counsel's building. Counsel could have brought their lunch or would have had to buy their own lunch anyway- not tax it to the Plaintiffs.

17. Lastly in the questions obvious to Plaintiffs' counsel when reviewing the exhibits is a question as to the necessity of the Transcript of the Summary Judgment hearing. While it may be nice to review what happened at hearing, it is not necessary to the movement forward of the

litigation. While this is a mere $209.20 expense, it should not be taxed to Plaintiffs if it was not necessary. Other expenses may be revealed upon hearing to prove expenses but these are the ones that stood out to Plaintiffs' counsel at this late hour.

18. Defendant's sins in making this litigation as costly as possible are too many to recite although they can be found in numerous pleadings as this case progressed. Litigation tactics that were inappropriate also abound. For example, Defendant denied requests to admit that are easily proven by their own documents, some of which were complained about in Plaintiffs' Memorandum on summary judgment issues. This discovery conduct should not be rewarded with the taxing of costs to Plaintiffs.

19. Plaintiffs should not be asked to pay cost on witnesses that were hidden by Defendant but easily discovered if one read the documents hidden in the 186 boxes. For example, Lounsbury and Landers were not listed in disclosures even though they had intimate knowledge of the facts in the case. When Plaintiffs found Lounsbury on their own, Defendant advised this former employee not to speak to Plaintiffs' counsel and then Lounsbury was allowed to bill $75 an hour for his deposition when he was a fact witness found by Plaintiffs in a multitude of documents. Landers too is an Exxon employee. It would be unjust to tax such costs to Plaintiffs.

20. Granting costs to this corporate giant who ran the costs up themselves would be unjust. Issues of nuisance remained and were voluntarily dismissed for purposes of appeal. The rules do not appear to allow costs to be heard after appeal is filed and appeal is imminent. To award costs, a hearing would obviously be needed, given the issues raised herein. Plaintiffs are not really in a position to pay these costs and would also wish to provide the Court with financial information as to income and assets. They still haven't paid many of their own expenses in this litigation and have

been denied a loan to help pay such costs. Exxon already adversely affected plaintiffs' lives through health problems and emotional distress. To financially ruin the Plaintiff cannot be a mission of the Federal Courts. The defendant is in a better position to absorb their costs than the Plaintiff is.

WHEREFORE, counsel prays for an order of this Court **DENYING** Defendant's Request for Costs or in the alternative to hold a hearing and require Defendant to prove what costs were necessarily incurred to ensure just determination of the issue of costs.

Respectfully submitted,

s/ Penni S. Livingston
PENNI S. LIVINGSTON, #06196480
CHRISTINA E. MANUEL, #06280544
Attorneys for the Plaintiffs
4972 Benchmark Centre, Suite 100
Swansea, Illinois 62226
Telephone:   (618) 628-7700
Fax:              (618) 628-7710
penni@livingstonlaw.biz

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th of January 2005, the foregoing PLAINTIFFS' RESPONSE TO DEFENDANT'S BILL OF COSTS WITH REQUEST FOR COURT TO DIRECT OTHERWISE AND DENY SAID REQUEST FOR COSTS OR ALTERNATIVELY TO HOLD HEARING ON ISSUE OF COSTS TO DETERMINE WHICH COSTS WERE NECESSARILY INCURRED was filed electronically with the Clerk of the Court on counsel of record registered in the Court's system as reflected by email addresses shown.


Ray Massey
Joe Kellmeyer
Paul T. Sonderegger
Edward A. Cohen
Thompson Coburn, LLP
One US Bank Plaza
St. Louis, MO 63101
ecohen@thompsoncoburn.com
jkellmeyer@thompsoncoburn.com
psonderegger@thompsoncoburn.com