IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEROME KORTE and LANA KORTE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) CIVIL NO. 03-239-GPM |
| | ) |
| EXXONMOBIL COAL USA, INC., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This matter is before the Court on a bill of costs filed by Exxonmobil Coal USA, Inc. ("Exxonmobil") (*see* Doc. 90). Exxonmobil filed a memorandum in support of its bill of costs (*see* Doc. 91), and the Kortes have objected (*see* Doc. 92). Exxonmobil has also filed a reply memorandum (*see* Doc. 97). Exxonmobil seeks costs in the amount of $44,635.75.

Federal Rule of Civil Procedure 54(d)(1) provides, in pertinent part, "[e]xcept when express provision therefor is made either in a statute . . . or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . . Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court." Local Rule of the United States District Court for the Southern District of Illinois 54.2 further governs the taxation of costs in this district and modifies the time frame for filing bills of costs and objections thereto.

Federal Rule of Civil Procedure 54(d) establishes a presumption that the prevailing party is entitled to costs. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000). The Seventh

Circuit has stated that in light of this presumption, the district court's discretion is "narrowly confined." *See Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 221-22 (7th Cir. 1988). In general, "only misconduct by the prevailing party worthy of a penalty . . . or the losing party's inability to pay will suffice to justify denying costs." *Id.* at 222; *see also Contreras v. City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997).

Having fully reviewed the parties' submissions, the Court is not inclined to award Exxonmobil its costs. The Kortes are produce farmers in rural Clinton County, Illinois. They took on the giant Exxonmobil, and they lost. They have their experts to pay, their lawyer to pay, and their own costs to bear. The amount of costs sought by Exxonmobil is far from minimal, and there is nothing in the record to suggest that the Kortes have the ability to pay such a large award. But the Court is bound to award Exxonmobil its costs unless the Kortes can demonstrate actual indigency, not merely limited financial resources. *See McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994). This means the Kortes must show not only an inability to pay the costs now, but also that they are unlikely to be able to pay the costs in the future. *Id.* In their response, the Kortes suggest that they can show indigency. Accordingly, the Court will grant them a brief opportunity to do so.

Accordingly, Plaintiffs shall, on or before **February 28, 2005**, file an affidavit in this Court attesting to their financial position, including a listing of all income, assets, and debts. Defendant may, on or before **March 14, 2005**, file a written response to Plaintiffs' affidavit.

**IT IS SO ORDERED.**

DATED: 02/08/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge
