IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JEROME KORTE and LANA KORTE,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| vs. | ) CIVIL NO. 03-239-GPM |
| | ) |
| **EXXONMOBIL COAL USA, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

# ORDER

**MURPHY, Chief District Judge:**

As stated in a February 8, 2005, Order concerning the bill of costs filed by Exxonmobil Coal USA, Inc. ("Exxonmobil") (*see* Docs. 90, 102), the Court was not inclined to tax costs against Plaintiffs. The Kortes timely filed personal financial information as ordered (*see* Docs. 104, 105), and Exxonmobil filed a response (*see* Doc. 106).

The Court agrees with Exxonmobil that the Kortes have not demonstrated actual indigency. *See McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994). Exxonmobil is the prevailing party, and it is entitled to payment of its costs.

The term "costs" as it is used in Rule 54(d) is defined in 28 U.S.C. § 1920, and courts are allowed to interpret the meaning of the phrases used in that section. *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 454 (7th Cir. 1998). Under § 1920, a federal court may tax as costs the following: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.  Local Rule 54.2 further explains that items taxable as costs include "[d]eposition fees when used at trial and, in the Court's discretion, other deposition fees when reasonably necessary to the case."  After a district court determines that the requested costs are statutorily recoverable under § 1920, the court must then determine whether such costs were both reasonable and necessary.  *Cengr*, 135 F.3d at 454.  The proper inquiry is whether a particular cost was "reasonably necessary" to the case at the time it was incurred, not whether it resulted in use in a motion or during trial.  *Id.* at 455.

Having fully reviewed the parties' submissions, the Court finds that the videography fees for the depositions of the Kortes are allowable under 28 U.S.C. § 1920(2) and Local Rule 54.2; the fees were reasonably necessary to this litigation at the time they were incurred.  While § 1920(2) only refers to the "stenographic transcript," the Court construes the meaning of that phrase to allow for videotaped depositions made possible by technological advances and, in fact, used frequently and effectively in this Court.  *See Cefalu v. Village of Elk Grove*, 211 F.3d 416, 428 (7th Cir. 2000) (applying a definition of "exemplification" under § 1920(4) to allow "appropriate room for the more sophisticated types of multi-media presentations made possible by technological advances").  On the other hand, Federal Rule of Civil Procedure 30(b)(3) provides that the expense of any additional recording or transcription method shall be paid by the party requesting it.  Therefore, Exxonmobil is not entitled to tax the expenses for the written transcripts of the videotaped depositions of the

Kortes because they are duplicative of the costs of the video depositions.[1]  Accordingly, the bill of costs is reduced by $6,995.30.

The remaining objections posed by the Kortes to specific items on the bill of costs are without merit.  (*See* Docs. 92, 97.)  Accordingly, Exxonmobil's bill of costs (Doc. 90) is **GRANTED**.  Costs in the amount of **$37,640.45** are taxed against Plaintiffs.

The Court **STAYS** payment of said costs pending the appeal.

**IT IS SO ORDERED.**

DATED:  05/19/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge

---

[1] This includes court reporter fees in the amount of $901.05 for the deposition of Jerome Korte on March 22, 2004, $1,952.43 for the deposition of Lana Korte on February 26, 2004, $1,365.87 for the deposition of Jerome Korte on February 27, 2004, and $1,101.95 for the deposition of Jerome Korte on March 15, 2004.  A court reporter fee in the amount of $1,674.00, paid on April 1, 2004, also appears to be duplicitous as the invoice references file conversion.